UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD LUBOW, et al.**<br><br>　**Plaintiffs,**<br>　　v.<br>**UNITED STATES DEPARTMENT OF STATE, et al.**<br><br>　**Defendants.** | Civil Action No. 10-0510 (JDB) |

### ORDER

On January 28, 2013, the Court rejected plaintiffs' challenge to the U.S. Department of State's decision to collect salary overpayments for their work in Iraq in 2004. After years of voluntarily deferring collection, the Department now seeks to collect the overpayments that remain due from four plaintiffs, which range from $486.34 to $10,574.62 and total less than $25,000. Plaintiffs, who have appealed the judgment, seek an injunction under Federal Rule of Civil Procedure 62(c) to bar the Department from collecting the overpayments pending appeal.

In assessing whether to grant a stay pending appeal, the Court looks to four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (internal quotation marks omitted). Plaintiffs bear the burden "of showing that exercise of the court's extraordinary injunctive powers is warranted." Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985) (per curiam).

Plaintiffs have not carried their heavy burden here. It is elementary that a payment of money causes no irreparable harm—if plaintiffs prevail on appeal, the Department will simply refund the money it collected. See Wis. Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam) ("It is also well settled that economic loss does not, in and of itself, constitute irreparable harm. . . . The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." (internal quotation marks omitted)); see also Sampson v. Murray, 415 U.S. 61, 90 (1974) (same). Plaintiffs have offered no reason, beside the fact that they are retirees, that payment of the amounts they owe—ranging from $486.34 to $10,574.62 each—would cause irreparable harm. For instance, they have not indicated that they would be forced to liquidate property or otherwise incur irrecoverable costs to make the funds available. See id. ("Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business."). And no wonder: the government has indicated that it is willing to establish a "repayment schedule, under terms agreeable to the Department, that takes into account [plaintiffs'] current financial situations to the extent they are willing to provide the appropriate documentation." Defs.' Opp. [Docket Entry 48] at 5 (Mar. 21, 2013). Plaintiffs' failure to show some irreparable injury itself suffices to deny their motion. See Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006) ("A movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief.").

Here, none of the other three factors supports a stay either. Plaintiffs' probability of prevailing on appeal is low: even if the D.C. Circuit disagrees with this Court's conclusion that the statute is clearly against them, plaintiffs would still have to show that the Office of Personnel

Management's reading of the statute and the Department's reading of its own regulations were unreasonable. The standard of review of the agency's waiver decision is also highly deferential. Nor do the other two factors, the prospect of injury to others interested in the proceeding and the public interest, support plaintiffs. There is no prospect of injury to anyone from a monetary payment by four individuals that can be refunded in full. And the public interest is neutral—given the modest amount at issue here, the government recouping money it is owed a few months earlier or later has virtually no impact (of course, if it had an impact, the public's interest would lie in earlier recoupment).

For these reasons, it is hereby **ORDERED** that [46] plaintiffs' motion for a stay pending appeal is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  April 1, 2013